You may proceed. Thank you for your patience. Thank you. May it please the Court. Unfortunately for Mr. Ramirez, he was unable to secure a copy of the transcript of the Marsden and the Ferreira hearings before the preliminary hearing in this case, which spilled over into the whole case, is my argument that the prejudice of him not being able to either represent himself or actually have an alternate appointed counsel was very unfortunate in this case because he did have a very, for lack of a better word than his words, a toxic relationship and a conflict with his state public defender. And unfortunately, he was never able to obtain the transcripts. His court of appeals direct appellate attorney was, I don't know if she attempted to obtain the transcript or she just overlooked it, but it was never obtained. And actually, the transcript was only transcribed until, unfortunately for him, until I was appointed to the case, which was way after a lot of things had already happened. He made his claim regarding his lack of counsel, his Sixth Amendment right to counsel in the state courts. He made it in the district court, and the district court did not have the benefit of reviewing the complete transcript on the Ferreira and Marsden hearing before it issued its decision. The issues that are certified for appeal relate to the Marsden or Ferreira situation at the preliminary hearing. And I recognize that your view is that was just the beginning of a long cascade of bad events. But because that is the certified issue, would you address that specific issue as to whether there was error? Yes, I would. First of all, I would like to — I'm sure that the Court is aware, but I'd like to remind the Court that Mr. Ramirez, through myself, filed the motion to remand and included the transcript in the motion to remand. When the motion to remand was denied by another merits panel, they indicated that he was allowed to bring up the arguments that he made in his motion to remand, which was denied in his opening brief. And so when I filed the opening brief, I actually included those arguments which were amplified by the fact that he — that we had the transcript by then. Where do you actually — we have these two certified issues. Where in your blue brief do you actually raise issues related to the certified issues? Because he spends an awful lot of time focused on issues that have not been certified for appeal. Actually, I raised it starting at page 37 in my brief. I talk about whether or not he was — whether or not he was denied the right to counsel based on Ferreira. And I do talk about whether or not it was a harmless error, as indicated in the certified issue. The certified issue specifically talked about Coleman v. Alabama. In Coleman v. Alabama, the Supreme — and that's at page 38. And I also talk about it on whether or not it's a harmless error on 39. And whether or not he was denied counsel and whether or not it was prejudice per se. So I do talk about it. It's probably my fault that I did not maybe inartfully argued it, but I do — I did include it at those pages, on pages 38, 39, and 40, and 41. And I talk about how Mr. Ramirez's case is distinguishable from Coleman v. Alabama, because in there, even though they found it was harmless error, the fact that the defendants did not have an attorney at the prelim was error, and they reversed it for a hearing. He remanded it for a hearing to determine the prejudice in that case. Well, and this is a little bit different. He had counsel, and the question was the tension with counsel. And there's quite a long colloquy with the trial judge on this. So would you focus on whether at the end of that there was a sufficient record for the judge to make a decision that they would go forward? I think there was a sufficient record to show that there was a conflict between him and his counsel, and that if there was such a conflict, that he was forced to go through the preliminary hearing and thereafter without the benefit of counsel, and it's as if he had no counsel, and he was left to flail there at the preliminary hearing regarding his rights. And I did provide the Court with a case in my 28-J letter, which, unfortunately, I didn't find that case until recently when I was reviewing and getting ready for this argument. It's called Walker v. Loggins. And in that case, there was a similar issue regarding whether or not he was denied his right to counsel and denied his right to representation. And in that case, the district court, like in Mr. Vermeer's case, only had a partial preliminary hearing, a partial transcript of the whole issue on the hearing regarding the conflict. And the court of appeals found in that case that it could not affirm, and it would not affirm, the district court's decision to deny the petition when the district court had not reviewed the underlying state court records and transcripts. Ginsburg. I'm sorry. May I ask you another procedural question? Kagan. Sure. Ginsburg. Because as I understand it, the defendant asked, made a Beretta motion during a preliminary hearing, and the Court says not today. When you get to superior court, if you go to superior court, make your motion. Was that motion renewed? Did he ask again?  Yes.  And what happened there? Well, the state court said, well, I don't want to hear anything about the underlying facts of your case. We're just going to talk about whether or not you want to represent yourself. And he says, well, I can't go forward with this particular public defender. And the state court just completely shut him off. They said, we don't want to hear about the background of your case. We don't want to hear about what happened. Do you want to represent yourself? And actually, the public defender chimed in, forcing Mr. Ramirez to represent himself, actually in a very forceful way, saying, do you want to represent yourself or not? And then the Court said, I don't want to hear about any of the past record. Do you want to represent yourself? And Mr. Ramirez said, I don't have a choice, just like in Plumlee v. Sioux, where the defendant said he didn't have a choice. And I think that's what happened in this case. And I'll reserve my last two minutes for rebuttal, if I may. Thank you. Good morning, Your Honors. Deputy Attorney General Erica Jackson, on behalf of the warden. I think as a preliminary issue, the Court certified one issue, or an issue of two in the appeal, and the issue was whether Petitioner's – whether Appellant's – excuse me – whether he was denied his right to represent himself when the trial court – excuse me – the court at the prelim denied his right to represent himself, and if so, whether that error is – I mean, the harmless error review is outlined in our brief. Petitioner did not address that issue in the opening brief. Well, she actually – she actually does address it at page 37. She – as she just pointed out. Can you tell me why you think that what she says on that page, where she in fact discusses Coleman, too, which is the harmless error case, does it amount to adequate raising of the certified issue? No, it does not. The – I'm sorry, go ahead. It does not because – it does not because – Oh, it does not because the issue of Marzin, which was to substitute counsel, is different and distinct from the issue of Feretta, which is to represent oneself, and in this case, although the hearing that Petitioner's applied sometime last year was – the hearing encompassed both motions, the actual substance of that hearing actually was dealing with the request to substitute counsel. It was only at the end of that hearing where an appellant made the request to represent himself, which was denied. Both motions were denied. Those are actually separate motions, and the fact that counsel has apparently conflated those two issues into one issue does not make them the issue that was certified for appeal. Well, it just seems, you know, you might view them as being conflated, but she goes through the whole colloquy, two different colloquies that the trial court has. So they're on here before us. Of course, they're in the excerpt of records. She argues Coleman. She argues Feretta. She argues Marzin, maybe not at length, but I think it's a fair stretch for the government to argue that it was waived, if you can read the brief and understand the issues. Well, I do think it's waived. However, even if it's not waived, I do believe it was not presented to the district court. The issue that is being raised now, the argument being made basically a constructive denial of counsel. I believe that pervaded the entire trial. That issue was not presented to the district court. The district court did not make a ruling on that issue. So therefore, it's difficult to see how the court can review that ruling and issue a judgment to either deny or deferment when that was not presented to the district court. Why don't you address yourself to the certified, the substantive certified issue about the denial of the Feretta motion? Well, it is response position that because we were denied the right to respond to that in writing that it would be unfair to have us address that for the first time on appeal because the issue should have been raised in the district court for us to actually have a complete record to address the issue of whether that, what error actually occurred, and if so, how that error should be determined by appellate court. The argument. So basically, you're resting on a procedural posture for all of your arguments here at the Court of Appeals? That is the response position regarding the issue. That's a pretty high stakes proposition. I mean, usually people say, this is our position. They waived it. We didn't get a chance. But even if that's not true, here's our answer. Well, it's more than a waiver issue. It's jurisdictional. Because the issue was not certified in the COA, the Court does not have jurisdiction to consider issues that were not presented, were not granted the COA. And at this point, there has never been actually a request that the COA be expanded at this point, other than I guess she provided me, pleasant counsel provided me with a 28J letter about this. Can you slow down just a little bit? I'm having a hard time catching every word. As I was saying, there was never a request made to expand the COA to include either the issue that she actually did address, opposing counsel addressed in her brief. And I was presented with a 28J letter about ten minutes ago in which I guess counsel is now asserting that the Court could expand the COA at this point, but still has not actually requested that that be done. And even if the Court were to do so, which is in the Court's power, Respondent would still submit that it would be improper to do it this time because it was not briefed by the Part of the Court. It wasn't briefed below, so there's a ruling for the district court to actually be to be reviewed. And we did not address the issue because we believe the issue is jurisdictional. It's not just a matter of waiver. It's a jurisdictional issue before this Court that can't be considered this time. Let me just make sure I understand. We certified for the defendant to be able to argue on appeal whether the denial or the threat of motion was an error, and then we further certified what is a standard of review. Is it a harmless error or is it something else? Is it your position that you don't need to respond to the certified issue? Well, normally we would respond to a certified issue after it had been briefed by an appellant. Right. And it's briefed in this blue brief. I understand that the Court believes that to be true, but it was Respondent's position that it was not done so. However, if the Court wanted to address the issue today, I could, I guess, respond at this point. But we would still submit that the issue has been waived, it's jurisdictional, and it can't be considered because there is no ruling below for the Court to actually affirm or reverse. Well, I don't propose to tell the State how to argue these cases, but it just seems to me that when we have a certified issue, when it's raised, even if you don't think it's raised appropriately enough, that it really doesn't further the case one way or the other to stand hard on the procedural issue. I mean, that's a choice you can make. But in doing that, you deprive the Court of the State's thinking on the substance of the appeal, which we specifically certify these issues for consideration by the Court. Well, I have a further question. You just said to us that the district court, the issue wasn't even raised to the district court and the district court didn't rule on it. But in fact, the district court actually did it, page 25 of the, by adopting the report and recommendation of the magistrate judge, which says at page 25 that in this case, any denial of Ramirez's Beretta and or Marsden motions prior to his preliminary hearing was clearly harmless. So in fact, the district court did rule. I mean, on it. And I don't think that the panel that ruled on the certificate of appealability would have in any event made up the issues out of whole cloth. It's in here in the district, the report and recommendation. I just don't understand how the government could say it's not. That issue was raised in an IAC of appellate counsel. That is not the same issue as response position. That issue was addressed in the context of that issue. But that, the issue of whether his Beretta right was denied at the prelim or whether there was a constructive denial of counsel or anything related to that was not raised as a separate specific issue in the district court. He raised a claim of ineffective assistance of counsel, of appellate counsel, for failing to obtain the Marsden and Beretta transcripts. That was the issue raised at the district court. The court liberally construed that issue to encompass an IAC claim of appellate counsel for failure to raise an issue that the Beretta and Marsden motions were improperly denied. But the court did not actually, the petitioner did not raise the issue of his Beretta right was improperly denied at the preliminary hearing. Do you have a position on behalf of the government as to whether, if we thought there had been an error in the Beretta decision, whether we would look at that error under the harmless error analysis? Without waiving the issues that we've raised thus far? Right. And I've, again, this is all without waiver. It's always without waiver. We submit that Respondents that have waived any U.S. Supreme Court authority that holds that a Beretta motion or a Marsden motion, depending on what this Court interprets the issue actually to be, raised immediately prior to a preliminary hearing is timely. And if there's no U.S. Supreme Court authority that states that that's the case, then we submit that the California court's decision was not unreasonable under the ADPA. And assuming that it was error, we believe that Coleman v. Alabama does apply in that case, as the Court noted. It was an issue of whether the appellant in that case was completely denied counsel, and the Court determined that that kind of error at a preliminary proceeding is amenable to harmless error review under, in this case, because it would be a habeas issue, it would be under Brecht. And as the same reasons that the district court found the error to be harmless under the IAC claim, in that Petitioner did not provide any evidence that why, had he been given new counsel or been representing himself, that he would have had a different result and would not have been bound over for trial. So, in other words, even though Beretta came after Coleman, in your view, when you combine Coleman and Brecht, you kind of end up at the same place, that we would look at harmless error. Correct. Unless the Court has any other questions on the issues, I'm prepared to submit on the argument. Thank you. I just wanted to briefly address the fact that Mr. Darmides did make these claims before the district court. As the Court noted, the district court decided on page 25 of its decision that he didn't have a Ferreira and Marsden claim, and that, therefore, his right to appellate counsel, even if there was error, was basically not error and there was no purges. And he starts at page 22 when he says, Mr. Ramirez first claims that his — that Corrin, his appellate attorney, failed to seek augmentation of the record on appeal to include transcripts of the hearings of the Ferreira and Marsden motions. While Ramirez does not affirmatively say as much, the Court assumes that the actual government of Ramirez's claim regarding the transcripts is that Corrin should have used those transcripts to argue to the court of appeals a denial of one or both of those motions violated his Sixth Amendment right to counsel. The district court perfectly understood what the argument was and ordered the government to have that transcript made, which it's unexplained why the government never did, but unfortunately for him, it wasn't done until his appeal. And with respect to whether or not it should be harmless error, there is a, and I've cited it in my reply brief, a case called Bittiker v. Enomoto. In that case, the defendant was denied his right to self-representation, and the posture was also in a preliminary hearing posture, pretrial posture. And that was an interpretation of the Ninth Circuit of Ferreira and Bittiker. The Ninth Circuit held that it was — that the defendant did not have to show prejudice in that case, that if he was denied his right to represent himself, then it was prejudice per se, and all he had to do was show that he was denied. And the court said that it was automatic — it automatically — the right automatically prejudiced the defendant's freedom, interest, and more is not necessary. And that was at, as I indicated, Bittiker v. Enomoto, and it's cited in the brief And unless the Court has any other questions, I will stop. Thank you. Thank you for argument. The case of Ramirez v. Lamarck is submitted. Thank you.
judges: Hall, McKeown, Wardlaw